CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JAN 26 2015
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| THOMAS F. MITCHELL, JR., ) | Civil Action No. 7:14-cv-00086 | |
| Petitioner, ) | | |
| ) | | |
| v. ) | **MEMORANDUM OPINION** | |
| ) | | |
| HAROLD W. CLARKE, ) | By: | Hon. Jackson L. Kiser |
| Respondent. ) | | Senior United States District Judge |

Thomas F. Mitchell, Jr., a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1] Petitioner committed a violent crime on December 31, 1989, and was sentenced by a Virginia court to serve forty years' incarceration, but Petitioner received mandatory parole on February 16, 2010, after serving slightly more than twenty years of the sentence. While on mandatory parole, Petitioner was arrested and convicted of two counts of driving while intoxicated. In addition to the sentences for driving while intoxicated, the Virginia Parole Board ("VPB") revoked parole and imposed a sentence of seven months and twenty-nine days, which was categorized as "time left to serve" on the original sentence, and an additional sentence of nineteen years, two months, and seventeen days, which was categorized as "sentence imposed by the VPB." Petitioner administratively appealed the VPB decision, but the VPB upheld the sentence. Petitioner then filed a state habeas petition on February 27, 2013, with the Supreme Court of Virginia, which

---

[1] State prisoners' sole federal remedies for challenging the constitutional validity of their custody are writs of habeas corpus pursuant to 28 U.S.C. § 2254 and possibly, but less commonly, § 2241. Circuit courts are split on whether § 2254 or § 2241 is the proper statute for state prisoners to challenge the legality of their custody. The majority view is that § 2254 is the exclusive vehicle for state prisoners in custody pursuant to state court judgments, even when they are not challenging the validity of their underlying convictions. See White v. Lambert, 370 F.3d 1002, 1005 (9th Cir. 2004), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010). The minority view is that inmates may proceed under § 2241 to challenge the execution of a state court sentence. See, e.g., Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002) (construing a habeas petition filed via § 2254 as pursuant to § 2241 to challenge the removal from a pre-parole conditional supervision program). The Fourth Circuit noted the split of authority in Gregory v. Coleman, 218 F. App'x 266, 267 n.* (4th Cir. 2007), but has not taken a definitive stance to date. Nonetheless, many courts in this circuit have adopted the majority view. See, e.g., Eaddy v. Pate, No. 5:13-cv-2932, 2013 U.S. Dist. LEXIS 184667, at *10-12, 2014 WL 368649, at *5 (D.S.C. Feb. 3, 2014); Gutierrez v. Florida State, PWG-13-35, 2013 U.S. Dist. LEXIS 14905, at *4-8, 2013 WL 264533, at *2 (D. Md. Jan. 18, 2013); Trisler v. Mahon, No. 3:09cv167, 2010 U.S. Dist. LEXIS 18866, at *11-12, 2010 WL 772811, at *3 (E.D. Va. Mar. 3, 2010); Gregory v. McBride, No. 5:02-00472, 2005 U.S. Dist. LEXIS 49373, at *11-12 (S.D. W. Va. Sept. 29, 2005).

dismissed the petition on June 24, 2013, as time barred and denied a petition for a rehearing on November 7, 2013.

Petitioner presents the same four claims in the instant petition as presented to the Supreme Court of Virginia. First, Petitioner was "subjected to an increase in punishment" due to the VPB's policies applying "Virginia Code § 53.1-159, as amended, since the date of the commission of the crime for which [Petitioner] was tried, convicted, and sentenced in 1989," in violation of the Ex Post Facto Clause and the Due Process Clause of the United States Constitution. Second, Petitioner "has been denied due process when Respondent failed to administer the punishment [Petitioner] was given by the court in 1990 in the fashion and manner of the law in force at the time my crime occurred in 1989 . . . ." Third, the VPB's decision to revoke mandatory parole was not conducted in a "fair and meaningful manner[.]" Fourth, the VPB violated due process and equal protection by not considering Petitioner for another parole release since revoking his mandatory parole, as required by Virginia Code § 53.1-154.

Claims three and four do not sound in habeas relief and must be dismissed. I must "focus[] on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). Claims three and four, even if successful, would not "necessarily spell speedier release" from custody because Petitioner would be entitled to, at most, reconsideration of parole at a new parole hearing. Id. at 82. Thus, claims three and four do not lie within "the core of habeas corpus" and may be brought, if at all, via 42 U.S.C. § 1983. Id. at 81. Accordingly, claims three and four are dismissed.

Claims one and two must also be dismissed. Before filing a habeas claim via § 2241 or § 2254, a petitioner must first exhaust state court remedies for that claim. See 28 U.S.C. § 2254(b)

2

(exhaustion required for claims brought under § 2254); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973) (exhaustion also required under § 2241). Petitioner presented claims one and two to the Supreme Court of Virginia in a state habeas petition, and the Supreme Court of Virginia determined the claims were untimely filed, pursuant to Virginia Code § 8.01-654(A)(2), which is an independent and adequate state procedural rule. See Clagett v. Angelone, 209 F.3d 370, 379 (4th Cir 2000); Weeks v. Angelone, 176 F.3d 249, 273 (4th Cir. 1999). "In the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity and federalism," which apply equally in the context of both § 2241 and § 2254. Coleman v. Thompson, 501 U.S. 722, 730-32 (1991); Braden, 410 U.S. at 490-92. Petitioner has not established cause and prejudice or that a fundamental miscarriage of justice exists to excuse the procedural default, and consequently, claims one and two must be dismissed as procedurally defaulted.[2] See, e.g., Coleman, 501 U.S. at 750. Accordingly, I grant Respondent's motion to dismiss, deny Petitioner's motion for judgment on the pleadings, and deny a certificate of appealability. See 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); White, 370 F.3d at 1010 (holding that hold that a certificate of appealability is not required when a state prisoner challenges an administrative decision regarding the execution of his sentence).

ENTER: This 26th day of January, 2015.

*/s/ Jackson Kiser*
Senior United States District Judge

---

[2] Respondent also argues that claims one and two are untimely filed. The Court of Appeals for the Fourth Circuit has held, albeit in an unpublished decision, that "§ 2241 petitions are not subject to the one-year time limitation period prescribed by 28 U.S.C.[] § 2244(d)(1)" for § 2254 petitions. Copson v. Va. Parole Bd., 230 F.3d 1352, 2000 WL 1283046, at *1, 2000 U.S. App. LEXIS 22966, at *1 (4th Cir. Sept. 12, 2000) (unpublished).

3